# DiConza Traurig Magaliff LLP
ATTORNEYS AT LAW
630 Third Avenue | 7th Floor | New York, NY 10017

**MEMO ENDORSED**

www.dtmlawgroup.com

Writer's Email:
hmagaliff@dtmlawgroup.com

Phone: 212.682.4940
Fax: 212.682.4942

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/19/12

June 7, 2012

**BY HAND**

Hon. William H. Pauley III
United States Courthouse
500 Pearl Street – Room 2210
New York, NY 10017

*Application denied.*

**SO ORDERED:**

WILLIAM H. PAULEY III U.S.D.J.  6/18/12

Re:   *Geron v. Robinson & Cole, LLP, et al.*
       Case No. 11 Civ. 8967 (WHP)
       *Geron v. Seyfarth Shaw, et al.*
       Case No. 12 Civ. 1364 (WHP)

Dear Judge Pauley:

We represent Yann Geron, as Chapter 7 Trustee of Thelen LLP, the plaintiff in the above-named actions. The Trustee's opposition to (a) the motion of Seyfarth Shaw LLP ("Seyfarth") for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (the "Seyfarth Motion"), and (b) the motion of Robinson & Cole LLP ("Robinson") to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure (the "Robinson Motion" and together with the Seyfarth Motion, the "Motions") is due to be filed on June 15. Reply briefs are due on June 26, and a hearing is scheduled on July 13. We write to request that the matters be stayed for the following reasons.

On May 22, 2012, Judge McMahon issued a decision in the *Coudert Brothers* bankruptcy case denying the defendants' motions for summary judgment in which she stated:

> I conclude that the New York Court of Appeals would, if confronted with the issue, conclude that all client matters pending on the date of dissolution are assets of the firm – *regardless of how the firm was to be compensated for the work.*

*Development Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP, et al.*, No. 11 civ. 5994 (CM) (S.D.N.Y. May 24, 2012), at p. 21 (emphasis added). Judge McMahon's decision is significant because she held that an unfinished business claim is cognizable under New York law regardless of whether the matter is a contingent fee or hourly fee matter. One of Seyfarth's central arguments is that New York law does not recognize an unfinished business claim for hourly matters. A copy of Judge McMahon's decision is enclosed.

On June 6, nine defendants in the *Coudert* litigation moved before Judge McMahon to certify an interlocutory appeal to the Second Circuit. A copy of the defendants' memorandum of law in support of that motion is enclosed. The defendants argue that an immediate appeal is necessary under the standards of 28

**DiConza Traurig Magaliff LLP**

Hon. William H. Pauley III
June 7, 2012
Page 2

U.S.C. § 1292(b). Significantly, and germane to the Trustee's request for a stay, the defendants cite similar issues in the *Thelen* chapter 7 case in general, and the *Seyfarth* and *Robinson* actions in particular (*see* pp. 2, 4-7), as reasons why it is necessary for Judge McMahon to certify an immediate appeal.[1]

At this point, regardless of the eventual outcome, there is a good chance that Judge McMahon's decision is not the last word on these issues, and she recognized as much herself. *See Coudert* decision at p. 53. Since the issues raised in *Coudert* are in many ways identical to issues raised in the Motions, it seems to us to be a waste of time, effort and judicial resources to continue until the interlocutory appeal has been resolved, either by Judge McMahon's denial of leave to appeal or a ruling by the Second Circuit. Any ruling by the Circuit Court would likely have a significant impact on most if not all issues raised in the Motions.[2]

Seyfarth and Robinson may tell you that they do not want to wait to see what Judge McMahon or the Second Circuit will do, and that they want you to decide the issues now. We submit that but for time, that argument should not carry very much weight. Consider that no matter whether Seyfarth and Robinson prevail or the Trustee prevails, the losing party is almost certain to follow the same path the defendants in *Coudert* have chosen – an appeal to the Second Circuit. One way or another, that is the next logical step for the questions implicated in this litigation.

Thank you for your consideration.

Respectfully,

DiConza Traurig Magaliff LLP
By:

Howard P. Magaliff

HPMpdq
cc: Robert W. Dremluk, Esq. (by email)
    Christopher J. Major, Esq. (by email)
    Yann Geron, Esq. (by email)

---

[1] Local Rule 27.2 of the Second Circuit Court of Appeals permits the Court of Appeals to certify a question of state law to a state's highest court if permitted by that state's laws. New York allows certification to the New York Court of Appeals. *See* New York Court of Appeals Rule 500.27. Assuming leave to appeal is granted, we do not know if the Second Circuit will *sua sponte* certify the question of whether New York recognizes unfinished business claims for hourly matters or other related questions, if any of the defendants will request certification, or if the Court of Appeals will accept the certified questions.

[2] The Robinson Motion is not premised on New York law. However, Seyfarth incorporates and relies upon Robinson's memo of law, and it would be impractical to separate consideration of the Motions, which in many other respects are similar. The Trustee does not concede that a ruling by the Second Circuit would dispose of all issues in both Motions, but certainly would affect the major ones.