DiConza Traurig Magaliff llp
630 Third Avenue – 7th Floor
New York, NY 10017
212.682.4940
Howard P. Magaliff
Jeffrey Traurig

*Special Litigation Counsel for*
*Yann Geron, Chapter 7 Trustee*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                          :
                                                :    Chapter 7
THELEN LLP,                                     :    Case No. 09-15631 (ALG)
                                                :
                          Debtor.               :
------------------------------------------------------------x
YANN GERON, as Chapter 7 Trustee of             :
Thelen LLP,                                     :
                                                :    Case No. 1:12-cv-01364-WHP
                          Plaintiff,            :
                                                :
-against-                                       :
                                                :
SEYFARTH SHAW LLP and                           :
PARTNER DOES,                                   :
                          Defendants.           :
------------------------------------------------------------x

### PLAINTIFF'S RESPONSE TO SUPPLEMENTAL DECLARATION IN SUPPORT OF AND SUPPLEMENTING THE RECORD REGARDING SEYFARTH SHAW LLP'S MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiff Yann Geron, as Chapter 7 trustee ("Plaintiff" or the "Trustee") of Thelen LLP ("Thelen" or the "Debtor"), respectfully submits this response to paragraph 19 of Thomas Feher's *Supplemental Declaration in Support of and Supplementing the Record Regarding Seyfarth Shaw, LLP's Motion for Judgment on the Pleadings* [ECF Doc. # 19]:

*Stem v Warren*, 227 N.Y. 538 (1920), is directly on point. One of the four questions presented to the New York Court of Appeals was: "Are the firm of Warren & Wetmore to be held accountable to the plaintiff in this action for the profits made out of

the prosecution of the joint enterprise in so far as it related to unfinished work which had been assigned to them prior to the death of Charles A. Reed?" *Id.* at 546. The decision in *Stem* completely belies Seyfarth's statement that it is "not a case about the obligations to account for unfinished business when a partnership dissolved." *Id.* at 546-47. The briefs reflect that the Court of Appeals was aware of the purported "wrongful conduct" of the former partner, yet the Court analyzed the case in terms of fundamental partnership law and the fiduciary obligations of partners upon dissolution.[1] *Id.* The Court of Appeals in *Stem* did not limit the duty to account only in the event of wrongful conduct post-dissolution.[2]

| | |
|---|---|
| Dated: New York, New York<br>September 4, 2012 | DICONZA TRAURIG MAGALIFF LLP<br>Special Litigation Counsel for<br>Yann Geron, Chapter 7 Trustee<br>By:<br><br>/s/ Howard P. Magaliff<br>HOWARD P. MAGALIFF<br>630 Third Avenue – 7th Floor<br>New York, NY 10017<br>212.682.4940<br>*hmagaliff@dtmlawgroup.com* |

---

[1] Both the trial court and appellate division analyzed the case in this same manner as well. *See Stem v. Warren*, 161 N.Y.S. 247 (Sup. Ct. 1916) and *Stem v. Warren*, 185 A.D. 823 (App. Div. 1919).

[2] The Trustee respectfully directs the Court to pp. 24-42 of the Brief for Plaintiff (Exhibits A-1 and A-2), which cites a multitude of authorities that confirm that a partner has an obligation to complete unfinished business pending as of the date of dissolution. Indeed, the brief cites many of the very same cases (*Denver v. Roane*, 99 U.S. 355 (1878); *King v. Leighton*, 100 N.Y. 386 (1885)) relied on by Judge McMahon in *Development Specialists, Inc. v. Akin Gump Strauss Hauer & Feld, LLP*, 2012 WL 1918705 at *6 (S.D.N.Y., May 24, 2012).